IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

COLLINS OMANDI NYABWA, §
§
*Plaintiff,* §
§
v. § CIVIL ACTION No. H-16-0783
§
UNITED STATES OF AMERICA, §
§
*Defendant.* §

## ORDER

Pending before the Court is plaintiff's *pro se* motion to alter or amend the judgment

pursuant to Rule 59(e), Federal Rules of Civil Procedure. (Docket Entry No. 29.) In support,

plaintiff claims that the Supreme Court's recent decision in *Nelson v. Colorado*, ___U.S.

____, 137 S. Ct. 1249 (2017), entitles him to monetary compensation under the FTCA

following the vacatur of his state conviction.

In *Nelson*, the Supreme Court determined that a state statute violated due process by

requiring defendants whose convictions have been reversed or vacated to prove their

innocence by clear and convincing evidence in order to obtain the refund of costs, fees, and

restitution paid pursuant to the invalid conviction. The Supreme Court held that, "[w]hen a

criminal conviction is invalidated by a reviewing court and no retrial will occur," due process

requires the state "to refund fees, court costs, and restitution exacted from the defendant

upon, and as a consequence of, the conviction." *Id.* at 1252. Once a defendant's conviction

is "erased, the presumption of [his] innocence [is] restored," *id*. at 1255, and the state "has no interest in withholding from [him] money to which the [s]tate currently has zero claim of right." *Id*. at 1257. In short, the state "may not presume a person, adjudged guilty of no crime, nonetheless guilty enough for monetary exactions." *Id*. at 1256.

In the instant lawsuit, plaintiff sought monetary compensation from the federal government for his ICE detention and loss of liberty pending deportation proceedings. That *Nelson* provides him no basis for recovery of compensation for that loss is made clear in the following paragraph of the decision:

> Colorado argued on brief that if the Exoneration Act provides sufficient process to compensate a defendant for the loss of her liberty, the Act should also suffice "when a defendant seeks compensation for the less significant deprivation of monetary assessments paid pursuant to a conviction that is later overturned." The comparison is inapt. *Nelson and Madden seek restoration of funds they paid to the State, not compensation for temporary deprivation of those funds*. Petitioners seek only their money back, not interest on those funds for the period the funds were in the State's custody. *Just as the restoration of liberty on reversal of a conviction is not compensation, neither is the return of money taken by the State on account of the conviction*.

*Nelson*, at 1257. Thus, central to the *Nelson* decision was the return of property to innocent parties, not recovery of compensation for the parties' temporary loss of that property. *Nelson* did not hold unconstitutional that portion of the statute requiring parties to prove actual innocence by clear and convincing evidence in order to recover compensatory damages for loss of liberty.

Plaintiff failed to establish in his lawsuit a right to recover monetary compensation under the FTCA, and he fares no better in the instant motion. Plaintiff's Rule 59(e) motion for relief (Docket Entry No. 29) is **DENIED**.

Signed at Houston, Texas, on this the 29th day of June, 2017.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE